**COWETA WAREHOUSE & GIN COMPANY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 24241.

United States Court of Appeals
Fifth Circuit.
June 26, 1967.

---

Millard C. Farmer, Jr., pro se.

Ben Hardeman, U. S. Atty., Montgomery, Ala., for appellee.

Before COLEMAN and AINSWORTH, Circuit Judges, and CARSWELL, District Judge.

PER CURIAM:

This appeal is from an order granting the United States a summary judgment.

We vacate and remand for further proceedings.

This libel was for condemnation of certain cotton seed under 7 U.S.C. § 1595.[1] It was alleged that about March 8, 1966, there were shipped from Marietta, Georgia to Hurtsboro, Alabama, 35 or more bags of cotton seed, Lot #761, that attached to these bags were labels showing the number of noxious weed seed per pound to be "NONE", but nevertheless the bags contained the seeds of the despised cocklebur at the rate of twenty per pound, therefore the cotton seed were shipped into Alabama unlawfully, 7 U.S.C. §§ 1571(a) (5) and 1571(d).[2]

Appellant claimed the cotton seed. After much procedural maneuvering on

1. § 1595. Seizure
 (a) Any seed sold, delivered for transportation in interstate commerce, or transported in interstate or foreign commerce in violation of any of the provisions of this chapter shall, at the time of such violation or at any time thereafter, be liable to be proceeded against on libel of information and condemned in any district court of the United States within the jurisdiction of which the seed is found.
 (b) If seed is condemned by a decree of the court as being in violation of the provisions of this chapter, it may be disposed of by the court by—
 (1) sale; or
 (2) delivery to the owner thereof after he has appeared as claimant and paid the court costs and fees and storage and other proper expenses and executed and delivered a bond with good and sufficient sureties that such seed will not be sold or disposed of in any jurisdiction contrary to the provisions of this chapter and the rules and regulations made and promulgated thereunder, or the laws of such jurisdiction; or
 (3) destruction.
 (c) If such seed is disposed of by sale, the proceeds of the sale, less the court costs and fees and storage and other proper expenses, shall be paid into the Treasury as miscellaneous receipts, but such seed shall not be sold or disposed of in any jurisdiction contrary to the provisions of this chapter and the rules and regulations made and promulgated thereunder, or the laws of such jurisdiction.
 (d) The proceedings in such libel cases shall conform, as nearly as may be, to the proceedings in admiralty, except that either party may demand trial by jury of any issue of fact joined in any such case; and such proceedings shall be at the suit of and in the name of the United States.

2. § 1571. Prohibitions relating to interstate commerce in certain seeds
 It shall be unlawful for any person to transport or deliver for transportation in interstate commerce—
 (a) Any agricultural seeds or any mixture of agricultural seeds for seeding purposes, unless each container bears a label giving the following information in accordance with rules and regulations prescribed under section 1592 of this title:
 * * *
 (5) Kinds of noxious-weed seeds and the rate of occurrence of each, which rate shall be expressed in accordance with and shall not exceed the rate allowed for shipment, movement, or sale of such noxious-weed seeds by the law and regulations of the State into which the seed is offered for transportation or transported or in accordance with the rules and regulations of the Secretary of Agriculture, when under the provisions of section 1561(a) (9) (A) (iii) of this title he shall determine that weeds other than those designated by State requirements are noxious;
 * * *
 (d) Any agricultural seeds or vegetable seeds having a false labeling, or pertaining to which there has been a false advertisement, or to sell or offer for sale such seed for interstate shipment by himself or others * * *.

the part of an officer of Coweta, a layman, who has handled Coweta's case, the Court below granted the motion of the United States for summary judgment. Coweta appealed.

In its answer to the libel, Coweta alleged, "No test has been made on these seed in accordance with the Federal Seed Act to the best of our knowledge". By interrogatories, Coweta challenged the United States to disclose the procedure used in sampling the cotton seed. To this, the United States answered,

> "The manner or procedure in which the sampling of the 35 bags of Lot 761 is not known by the United States, since it was done by the Alabama Seed authorities. However, the usual method for sampling seed by the Alabama State authorities is to use a seed probe * * *."

This is the only averment in the record as to the method of sampling actually used.

Coweta continued to press its claim that the seed had not been validly sampled. The Court below recognized Coweta's contention. Nevertheless he "found"[3] that the method of sampling here employed was that ordinarily used for such purposes, describing the method.

Seven U.S.C. § 1593(a) provides,

> "The samplings, analyses, tests, or examinations of seeds made in connection with the administration of this chapter shall be made by methods set forth by rules and regulations prescribed under section 1592 of this title."

Section 201.39 of the Secretary's regulations in great detail sets forth the method to be used. The basic rule is that "In order to secure a representative sample, equal portions shall be taken from evenly distributed parts of the quantity of seed * * * to be sampled."

We conclude that there was a material issue of fact as to whether the seed had been validly sampled. The issue was material because although some cockleburs may have been present in whatever seed sample was taken, if the sample was not representative, the test would be useless for Seed Act purposes. It was the government's burden to show that *by a valid sampling* the claimant's seed failed to pass muster under the Seed Act.

Appellant also challenged the constitutionality of the Alabama law which allows 4 cocklebur per pound for seed shipped *within* Alabama and allows NONE for seed shipped from Georgia. This raises a serious question that the Alabama statute may be unconstitutional on its face. In view of what we have already said we do not decide that question at this time.

The Judgment of the District Court will be vacated and remanded for further proceedings not inconsistent with the views herein expressed.

Vacated and remanded.

---

3. Of course findings are neither necessary nor useful in a summary judgment proceeding.